IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RONALD PAUL McNEEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:08-CV-0216 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RONALD PAUL McNEEL.  By his habeas application, petitioner challenges Disciplinary Proceeding No. 20090013096 held at the Dalhart Unit in Hartley County, Texas, wherein petitioner was found guilty of trafficking and trading, a Level 2, Code 15.0 offense, and punishment assessed included the loss of ninety (90) days previously accrued good time.

I.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal due process rights were violated with regard to Disciplinary Proceeding No. 20090013096 because:

> There was insufficient evidence to show petitioner had knowledge that other inmates placed funds in his trust account.

HAB54\DISCIP\R&R\McNEEL-216.MOOT:2

II.
MOOTNESS OF PETITION

On September 13, 2011, this Court learned petitioner was released from prison on May 27, 2011 to mandatory supervised release. On that same date, petitioner was ordered to show cause why his habeas application should not be dismissed as moot as petitioner had been released to mandatory supervision. On September 22, 2011, the order was returned to the Court with the notation, "Return to Sender - Not Deliverable as Addressed - Unable to Forward," and with the handwritten notation, "Perm Inactive." Petitioner has not provided the Court with a change of address giving notice of his current address.

The only relief available to petitioner in this matter was the restoration of the 90-days previously accrued good time credits forfeited by the disciplinary action. As petitioner has been released and is no longer incarcerated, his request for a return of good time credits is moot. Under Texas Government Code section 498.003(a), "[g]ood conduct time applies only to eligibility for parole or mandatory supervision as provided by Section 508.145 or 508.147 and does not otherwise affect an inmate's term." Therefore, it is the opinion of the undersigned that because of petitioner's release to mandatory supervised release, the issues raised in his writ of habeas corpus are moot under the continuing controversy requirement, and that such petition should be dismissed.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody

filed by petitioner RONALD PAUL McNEEL be DISMISSED as moot.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 26th day of September, 2011.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).